IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-765
(3:04-CR-250-4)

| | |
|---|---|
| FREDERICK LAMAR HUSKEY ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 3); a Supplement, (Doc. No. 6); and the Government's Response in Support, (Doc. No. 8). For the reasons below, the motion will be granted and Petitioner will be returned to this district for resentencing.

I. BACKGROUND

On May 16, 2005, Petitioner pled guilty to possessing with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One), pursuant to a written plea agreement.[1] (Criminal Case No. 3:04-cr-250, Doc. No. 104: Superseding Indictment; Doc. No. 244: Plea Agreement; Doc. No. 247: Acceptance and Entry of Guilty Plea). The Government had filed a notice of two prior felony drug offenses under 21 U.S.C. § 851, (Id., Doc. No. 10: Information),[2] but later moved to reduce the sentence below the statutory mandatory minimum and advisory guideline range, (Id., Doc. No. 396: Motion). After granting the motion, the Court sentenced Petitioner to 240 months' imprisonment and entered judgment

---
[1] The plea agreement contained a waiver of rights to contest the sentence pursuant to § 2255 and similar authorities. (Case No. 3:04-cr-250, Doc. No. 244: Plea Agreement at 4-5).
[2] At sentencing, the Government orally amended its notice to withdraw one of the prior convictions, reducing the mandatory minimum sentence from life to twenty years. (Case No. 3:04-cr-250, Doc. No. 417: Statement of Reasons at 1).

on March 15, 2006. (Id., Doc. No. 416: Judgment at 2). The defendant did not appeal his sentence, which he is presently serving.

On November 15, 2012, Petitioner filed the instant § 2255 motion claiming that his North Carolina convictions are not a predicate felony drug offenses in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because neither exposed him to more than one years' imprisonment. (Doc. No. 3 at 3). With the filing of the Government's response, this matter is ripe for decision.

II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.  DISCUSSION

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period for filing a motion to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected "in the interests of justice" to waive its defense "as to sentencing errors that resulted in the improper application of a mandatory minimum term of imprisonment" and asks the Court to reach the merits of Petitioner's claim. (Doc. No. 8: Response at 4).

A. Statutory Mandatory Minimum

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id. In that decision, the Fourth Circuit also noted that substantive rules apply retroactively because of the significant risk that a defendant "faces a punishment that the law cannot impose on him." Id. at 145 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)) (internal quotation marks omitted).

3

Here, Petitioner and the Government agree, and court records confirm, that neither of Petitioner's prior convictions used to trigger a higher mandatory minimum under 21 U.S.C. § 841(b)(1)(A) could have resulted in a sentence of more than one year in prison. (Doc. No. 6: Exhibits 1, 2; Doc. No. 8: Response at 6). Thus, he faced a punishment the law could not impose on him. See Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) ("Mandatory minimum sentences increase the penalty for a crime."); United States v. Mubdi, 539 F. App'x 75, 76 (4th Cir. 2013) (applying Alleyne to § 841 sentence). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur of the sentence on Count One in the circumstances of this case.

    B.  Advisory Guideline Range

Petitioner also seeks relief from his designation as a career offender under USSG §4B1.1 that was used to set the advisory guideline range. (Doc. No. 3: Motion at 8). As noted above, the Government waived its statute of limitations and collateral attack waiver "as to sentencing errors that resulted in the improper application of a mandatory minimum term of imprisonment." (Doc. No. 8: Response at 4). The Government is entitled to seek selective enforcement of a waiver in a plea agreement, United States v. McCaskey, 521 F. App'x 98, 103 (4th Cir. 2013) (citing United States v. Brock, 211 F.3d 88, 90 n.1, 92 n.6 (4th Cir. 2000)), which may be dispositive of this issue, see United States v. Woodard, 523 F. App'x 262, (4th Cir. 2013) (collateral attack waiver in plea agreement barred § 2255 claim under Simmons against career offender designation). However, it is not clear from the Government's response whether it waives its statute of limitations defense or declines to seek enforcement of the plea agreement waiver as to the guidelines issue. (Doc. No. 8: Response at 7 (career offender claim "not cognizable on collateral

4

review")). Therefore, the Court will delay resolving this claim until the Government makes its election clear.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate his sentence in Case No. 3:04-cr-250, (Doc. No. 3), is **GRANTED**, and Petitioner shall remain in the custody of the Bureau of Prisons pending resentencing, which will be scheduled by separate order; and

2. The Government shall file a supplemental response within twenty days of the issuance of this Order addressing with specificity Petitioner's claim against career offender designation and whether it waives its statute of limitations defense and/or seeks enforcement of the plea agreement waiver.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

_____
Robert J. Conrad, Jr.
United States District Judge